UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Nathan Lee, #229707, | Civil Action No.: 6:15-1603-BHH |
| Petitioner, | |
| vs. | **Opinion and Order** |
| Leory Cartledge, Warden, | |
| Respondent. | |

Petitioner, Billy Nathan Lee, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kevin F. McDonald, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge McDonald recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 29.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

Petitioner filed this action against Respondent alleging, *inter alia,* ineffective assistance of counsel. On December 3, 2015, the Magistrate Judge issued a Report; and on December 17, 2015, Petitioner filed his Objections. (ECF No. 31.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action.

The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge first found that Ground One failed on the merits and the Court agrees. Ground One alleges that the trial court erred by denying Petitioner's request for jury instruction on involuntary manslaughter during his trial. (ECF 1 at 5.) In his exceptionally thorough thirty-nine page Report, the Magistrate Judge engaged in a

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

thoughtful and comprehensive analysis of this claim. He correctly found that "federal habeas relief is not . . . warranted on the matter of whether the trial court appropriately refused to charge involuntary manslaughter because the petitioner's trial for murder was not a capital (death penalty) case." (ECF No. 29 at 15.) S*ee Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 793 (D.S.C. 2010) ("Accordingly, this Court declines to find that due process requires an involuntary manslaughter instruction in this case. Thus, the Court finds that the state court's decision not to charge on the lesser offense of involuntary manslaughter was not contrary to nor an unreasonable application of clearly established Federal law as decided by the United States Supreme Court, and the Court rejects the Petitioner's claim."); *cf. Bates v. Lee*, 308 F.3d 411, 418 (4th Cir. 2002) ("The decision of whether there is enough evidence to justify a lesser included offense charge rests within the sound discretion of the trial judge.").

The Magistrate Judge then addressed Ground Two, which alleges several claims for ineffective assistance of counsel. (ECF No. 1-1.) He found that all but one claim were procedurally barred and the Court agrees. The Magistrate Judge discussed each procedurally barred claim in exhaustive detail, finding that even on the merits, the rulings of the state court were reasonable and Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland v. Washington*, 466 U.S. 886 (1984), and its progeny. (ECF No. 29 at 22–38.) In the same comprehensive manner, the Magistrate Judge addressed the one ineffective assistance of counsel claim subject to review on the merits, correctly finding that the ruling of the state court

was reasonable and that Petitioner failed to carry his burden of establishing counsel was ineffective as required by *Strickland* and its progeny. (*Id.* at 19–21.)

Petitioner's objections consist of nothing more than arguments that the Magistrate Judge has already considered and rejected. Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 12) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of deniability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

January 25, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.